UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No: 2:24-cv-08826-JLS-MAR                                                          Date: December 12, 2024
Title: Sonia Agresti et al v. Federal Insurance Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING PLAINTIFFS'
MOTION TO REMAND (Doc. 14)**

Before the Court is Plaintiffs Sonia Agresti's and David Yeoman's (collectively, "Plaintiffs") Motion to Remand. (Mot., Doc. 14). Defendant Federal Insurance Company ("FIC") opposed, and Plaintiffs replied. (Opp., Doc. 15; Reply, Doc. 16). The Court finds this matter appropriate for decision without oral argument, and the hearing set for December 13, 2024, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS Plaintiffs' Motion and REMANDS the action to the Superior Court of California for the County of Los Angeles, Case No. 23STCV09598.

I.   **BACKGROUND**

This is the second time this case has come before this Court following FIC's removal of the matter from state court.

On April 28, 2023, Plaintiffs filed a lawsuit in the Superior Court of California for the County of Los Angeles against FIC, The Chubb Corporation, and Matthew Witcher. (Ex. A to October Notice of Removal ("Second NOR"), Compl., Doc. 1-2.) Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No: 2:24-cv-08826-JLS-MAR                                    Date: December 12, 2024
Title: Sonia Agresti et al v. Federal Insurance Company et al

served FIC on May 11, 2023.[1]  (Ex. L to Second NOR, Doc. 1-13.)  On June 9, 2023, FIC removed this action to federal court for the first time, where it was assigned case number 2:23-cv-04555-JLS-MAR.  (June Notice of Removal ("First NOR"), Case 23-4555, Doc. 1.)  FIC invoked this Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441.  (*Id.*)  On August 16, 2023, the Court denied Plaintiffs' first motion to remand, finding that Witcher was a fraudulently joined defendant, dismissing him as a defendant, and thus finding that there was complete diversity.  (Order Denying Remand at 6, Case 23-4555, Doc. 26.)

On March 19, 2024, FIC moved for judgment on the pleadings, arguing that the Court lacked subject-matter jurisdiction because Plaintiffs' claims were not ripe.  (*See* Order Remanding Action to California State Court ("Order Remanding Action"), Case No. 23-4555, Doc. 53.)  On April 18, 2024, the Court granted in part FIC's motion, remanding the action to state court upon finding that the Court lacked subject-matter jurisdiction because Plaintiffs' damages were dependent on the outcome of their separate action against Southern California Edison ("Edison").  (*Id.*)

On September 12, 2024, Plaintiffs filed a first amended complaint ("FAC") in state court, which was served on FIC that same day.  (Ex. X to First NOR ("FAC"), Doc. 1-25; Opp. at 5.)  The FAC alleged for the first time that Plaintiffs had settled their separate lawsuit against Edison.  (FAC ¶ 29.)

On October 14, 2024, FIC filed its second notice of removal, again invoking this Court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441.  (Second NOR, Doc. 1.)  On October 24, 2024, the Court issued an Order re Untimely Removal noting that it appeared Section 1446(c)(1) applies to the action and requiring Plaintiffs to file either a

---

[1] Plaintiffs' motion states that Federal was served on April 28, 2023.  (Mot. at 3.)  It appears Federal was served a copy of the summons that day, (Ex. C to Second NOR, Doc. 1-4), but was personally served a copy of the complaint on May 11, 2023.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No: 2:24-cv-08826-JLS-MAR                                   Date: December 12, 2024
Title:  Sonia Agresti et al v. Federal Insurance Company et al

notice of waiver of the defect or motion to remand.  (Removal Order, Doc. 13.)  *See also* 28 U.S.C. § 1446(c)(1).  Plaintiffs filed a motion to remand on November 8, 2024.  (Mot.)

## II.     LEGAL STANDARD

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).  But where "the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Cases not originally removable may not be removed "more than 1 year after commencement of the action."  28 U.S.C. § 1446(c)(1); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).  "Section 1446(c)(1)'s one-year deadline serves 'as a means of reducing the opportunity for removal after substantial progress has been made in state court.'"  *Markham v. Home Depot USA, Inc.*, 2014 WL 117102, at *1 (C.D. Cal. Jan. 10, 204) (citing H.R.Rep. No. 100–889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032–33.)

As the party invoking the removal jurisdiction of this Court, FIC bears "the burden of establishing federal jurisdiction."  *Cal. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No: 2:24-cv-08826-JLS-MAR                                Date: December 12, 2024
Title:  Sonia Agresti et al v. Federal Insurance Company et al

### III.     DISCUSSION

The parties dispute whether section 1446(c)(1)'s one-year limit on removal applies here, thereby rendering FIC's second removal untimely.  (*See* Opp. at 6; Reply at 2.)  FIC contends that section 1446(c)(1) does not apply because the case was "removable from the initial pleading" on the basis of diversity jurisdiction.  (Opp. at 6.)  Plaintiffs assert that "because this case was … not ripe when filed" it was not originally removable and thus the statutory one-year limit on removal applies.  (Reply at 4.)

The Court agrees with Plaintiffs.  A defendant may remove an action to federal court only if the matter might have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  Because Plaintiffs' case was not ripe upon the initial commencement of the action, there was no Article III case or controversy.  Accordingly, the Court lacked subject matter jurisdiction, and the case was not removable.  (*See generally* Order Remanding Action.)  *See also Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 951–55 (C.D. Cal. 1999) (where plaintiff lacked standing, the "case-or-controversy requirement of Article III" had not been met, and defendant failed to meet burden of showing removability); *Patton v. Experian Data Corp.*, 2016 WL 2626801, at *6 (C.D. Cal. May 6, 2016) (lack of Article III jurisdiction trumps any statutory basis for removability).

While this Court denied Plaintiffs' first motion to remand upon finding that Witcher was a fraudulently joined defendant, Defendants had not raised the argument that the case was unripe under Article III.  (*See generally* Order Denying Remand.)  Upon considering ripeness in determining FIC's motion for judgment on the pleadings, the Court found that it "must remand."  (Order Remanding Action at 4 (internal quotation omitted).)  In other words, the action that was remanded to the state court could not have been originally brought in federal court.  The basis for the instant removal—Plaintiffs' filing of the FAC in state court following the settlement of their separate lawsuit against Edison—occurred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No: 2:24-cv-08826-JLS-MAR  Date: December 12, 2024
Title: Sonia Agresti et al v. Federal Insurance Company et al

more than a year after this action had progressed in state court. (*See* FAC.) This case, then, was made removable "by subsequent events in the litigation," and so "[i]t cannot be said that the case has been subject to removal since the day it was filed in state court." *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1023 (N.D. Cal. 2003). Accordingly, FIC's October 14, 2024 removal is subject to section 1446(c)(1)'s one-year limitation and was untimely. *See id.*; 28 U.S.C. § 1446(c)(1).

IV.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion and REMANDS this action to Los Angeles County Superior Court, Case No. 23STCV09598.

Initials of Deputy Clerk: kd